Arthur Minas
Minas Law, P.C.
3620 Pacific Coast Highway, Ste 100,
Torrance, CA 90505
Tel: (310) 955-1360
arthur@minaslaw.com

## UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVITLANA GRYSHYNA, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) Civil Action No: |
| ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>TED H. KIM, in his official capacity, Acting Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services,<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, Attorney General, Office of Attorney General U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT** |

Arthur Minas, Minas Law, PC 3620 Pacific Coast Hwy, Suite 100, Torrance, CA 90505-6018,

Phone: 310-955-1360, Email: arthur@minaslaw.com

1

## INTRODUCTION

COMES NOW, Svitlana Gryshyna (hereinafter "Plaintiff Svitlana Gryshyna" or "Plaintiff"), by and through the undersigned attorney in the above cause and states as follows:

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's asylum application and to schedule an interview at the local USCIS Asylum Office, so that she can present evidence and testimony to a trained professional Asylum Officer, in support of her claim for asylum in the United States, without any further delay.

2. Plaintiff Svitlana Gryshyna arrived in the United States on February 3, 2015, with her then 10-year-old minor son, Illia Gryshyn.

3. On March 3, 2015, a Form I-589 asylum application (henceforth "1-589") from Plaintiff Svitlana Gryshyna was timely filed and accepted for processing by USCIS and given official receipt number ZLA1500034180. Svitlana Gryshyna was given alien registration number A208-068-821. Plaintiff Svitlana Gryshyna is a citizen and native of Ukraine.

4. Her asylum application has thus been pending and not adjudicated for nearly 10 years.

5. In her initial application, Plaintiff contended that she was persecuted and suffered from death threats, rape, and beatings because during her work in a high-end position for a company in Ukraine that was providing certain security services to government agencies. Further, that she became privy to certain information that put her at risk because it was damaging to high-end officials in Ukraine and she refused to comply with her superiors' demands to join in, essentially, a criminal activity of covering others' bad acts, including criminal acts of corrupt high-level officials in Ukraine.

6. To deter recent arrivals from filing asylum applications just to obtain employment authorization, USClS in March 2018 switched to a "last in, first out" system for scheduling asylum office interviews. This new policy pushed Svitlana Gryshyna's case further back in the queue waiting for an asylum office interview. Svitlana Gryshyna's I-589 has been pending more than 9 years without any indication as to when she will finally get a chance to present her case for asylum to an Asylum Officer.

7. Svitlana Gryshyna has been constantly checking her case status since March 2015. The I-589 remains pending, and within the exclusive jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff.

8. In 2023, Svitlana Gryshyna retained attorney Julia Bikbova to assist her with updating her Application for Asylum, supplementing it with facts, evidentiary support, and country condition reports concerning the new, recently arisen bases for seeking asylum, as well as to the circumstances in the originally filed application for asylum.

9. On November 16, 2023, Svitlana Gryshyna filed her Updated and Supplemented Application, Applicant's Personal Statement/Affidavit, Evidence and other Exhibits, and Country Condition Reports' Submission and Request to schedule an Interview with Asylum Officer and Expeditiously review and process the application for asylum by a Ukrainian citizen that has been pending since 2015, with Los Angeles Asylum Office.

10. As a result, in her supplemental submission, Ms. Gryshyna is first and foremost provided a clarification of her original claims, the affidavit as to facts underlying her original claims, and supporting evidence and documents with respect to the original claims but is not raising any new bases for persecution based on the facts, events, and circumstances that occurred prior to

her departure from Ukraine in early 2015. At the same time, separately, Ms. Gryshyna brought an entirely new Application for Asylum, notwithstanding the original claims, and in addition thereto. The new Asylum Application is dictated by the change of circumstances in Ukraine – the Russia's invasion of and genocidal war in Ukraine in February 2022, and more specifically, the new threats of persecution and new bases for fear of persecution that has arisen as a result of Russia's genocide of Ukrainian people.

## JURISDICTION OF THIS COURT

11. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff'). Jurisdiction is further conferred by 8 U.S.C. §1329 Jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

12. Jurisdiction is also pursuant to 5 U.S.C. §§555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. §555(b).

13. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this court of jurisdiction. Under 8 U.S.C. §§1252(a)(5) and 1252(a)(2)(B), federal district courts lack jurisdiction to review either a final order of removal, or those immigration determinations specified to be in the discretion of the Attorney General or the Secretary of Homeland Security. The present action, to compel adjudication of the unreasonably delayed application of the Plaintiff, is not requesting review of either a removal order or of a

discretionary determination, and therefore this Court retains original mandamus jurisdiction over this claim under 28 U.S.C. §1361. The scheduling of an appointment at the local users Asylum Office, for an in-person interview on the claim set forth in a properly filed I-589, requesting a grant of asylum, is a purely ministerial and non-discretionary act which the government is under obligation to perform in a timely manner. See *Villar v. U.S. Department of Homeland Security*, 607 F.Supp. 2d 359, 366 (N.D.N. Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. No exhaustion requirements apply to the Plaintiffs complaint for a Writ of Mandamus. Nevertheless, since November 2023, Svitlana Gryshyna has submitted multiple requests to the Los Angeles Asylum Office to schedule an interview. She also filed multiple e-Requests with USCIS due to her case being outside the processing time. Additionally, the Plaintiff requested case assistance from Congressman Brad Sherman and from the Department of Homeland Security's (DHS) Office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman). These actions have not produced any results.

15. The Plaintiff is owed a duty: an interview at the local Asylum Office for the review and adjudication of her properly filed application for asylum in the United States which was duly filed with USCIS nearly 10 years ago. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's I-589 since March 2015. The Plaintiff has no other adequate remedy available for the harm she seeks to redress: namely, the failure of USCIS to schedule an interview and adjudicate on her asylum application in a timely manner.

## PARTIES OF THE CASE

16. Plaintiff Svitlana Gryshyna presently lives in Reseda, California, in Los Angeles County with her son Illia Gryshyn, 20 years old, who is a derivative beneficiary of her claim/USCIS Form I-589, Application for Asylum. She and her son are citizens and natives of Ukraine. Ms. Gryshyna hopes that she and her son one day obtain lawful permanent resident status (and eventually citizenship in the United States) from a grant of asylum or humanitarian asylum to the Plaintiff, based upon her claims. Her alien registration number is A208-068-821.

17. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

18. The Defendant, UR M. JADDOU, Director of the United States Citizenship and Immigration Services ("USCIS"), is charged by law with the statutory and regulatory obligation to review affirmative asylum applications and schedule in-person appointments at local USCIS asylum offices where trained professional Asylum Officers interview the applicants. USCIS is the government agency responsible for a first review of affirmative asylum claims and has the sole authority to do so, under the statutes and regulations governing the conferral of immigration benefits. Defendant Ur M. Jaddou is sued in her official capacity as the Director of the United States Citizenship and Immigration Services ("USCIS"). In this capacity, she has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103.

19. Defendant TED H. KIM is the Acting Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with

supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

20. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## FACTS OF THE CASE

21. Plaintiff Svitlana Gryshyna is seeking an appointment at the local USCIS Asylum Office to be interviewed by a trained professional Asylum Officer. At that time, she will finally have the long-awaited opportunity to present evidence and testimony regarding the atrocious form of past persecution she endured in Ukraine, as well as the new threats of persecution and new bases for fear of persecution that have arisen.

22. An asylum applicant has the burden of proof to establish that she may qualify as a refugee as defined under 8 U.S.C. §1101(a)(42) due to having suffered past persecution or a well-founded fear of future persecution.

23. Svitlana Gryshyna has been persecuted due to her political opinion and imputed political opinion, as well as due to her membership in the particular social group of witnesses of corruption in the Ukrainian government. Ms. Gryshyna's fear of future persecution on several grounds is equally objectively reasonable. Her ability to apply for asylum in the United States is set forth in Section 208(a) of the Immigration and Nationality Act of 1990, as amended, codified at Title 8 of the United States Code, 8 U.S.C. § 1158(a). This statute allows individuals physically present within the United States to apply for asylum.

24. There is no further information from USCIS as to how much longer the Plaintiff must wait for her asylum office interview, or what (if anything) can be done to expedite the review and adjudication of her I-589 asylum application by USCIS.

## **CONCLUSION**

25. Plaintiff Svitlana Gryshyna filed her USCIS Form I-589, Application for Asylum, on March 3, 2015. The Defendants have unreasonably delayed and refused to schedule an interview at the local USCIS Asylum Office for more than nine years and adjudicate her claims.

26. Plaintiff Svitlana Gryshyna is entitled to have an appointment for a personal interview with a trained professional USCIS Asylum Officer, where she can present evidence and testimony in support of her I-589 asylum application.

27. A mandamus plaintiff must demonstrate that: 1) a clear right to the relief requested; 2) the defendant has a clear duty to perform the act in question; and 3) no other adequate remedy is available. Regardless of what decision the agency ultimately makes on the pending application, it is under a duty not to delay unreasonably in making that decision. USCIS has a legal and statutory obligation to adjudicate applications within a reasonable period of time. Nine years is way beyond any "reasonable period of time."

28. Intervention of this Court is appropriate because Defendants have failed to act within a reasonable period of time. The Plaintiff is at risk of a serious negative impact, that of waiting indefinitely to obtain a grant of asylum, without any foreseeable end.

29. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is

therefore entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Compel the Defendants and those acting under them to take all appropriate action to schedule an appointment at the local USCIS asylum office for an in-person interview on the Plaintiffs pending I-589 asylum application, without further delay;

2. Award to Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412; and,

3. Grant any other and further relief that this Honorable Court deems just and proper.

Respectfully submitted,
Svitlana Gryshyna
By her attorney:

Dated: 11/15/2024

/s/ Arthur Minas
Arthur Minas, Plaintiff's Attorney
Minas Law, P.C.
3620 Pacific Coast Highway, Ste 100
Torrance, CA 90505
(310) 955-1360